8279

DIMERY v. BENNETTSVILLE & CHERAW R. R. CO.

1. APPEAL.—AN EXCEPTION will not be considered unless the "Case" shows that the ruling or finding complained of was made.

2. "CASE."—It is sufficient to state in a "Case" that a party presented certain requests to charge which are correctly set out in the exceptions and then incorporate the requests in the exceptions.

3. RAILROAD CROSSINGS—TRAVELED PLACE.—Running a train of cars backward in a populous town across a place where persons are accustomed to travel as on a street with the knowledge and acquiescence of the railroad company without a lookout or signal at a rapid rate of speed, warrants the inference of a spirit of indifference to the rights of those using the track or a conscious failure to observe due care.

Before COPES, J., Marlboro, Summer term, 1911. Reversed.

Action by Georgia Dimery against Bennettsville & Cheraw Railroad Co. Plaintiff appeals.

*Mr. J. K. Owens,* for appellant.

*Messrs. Stevenson, Stevenson & Prince, Townsend & Rogers,* and *McColl & McColl,* contra.

August 2, 1912. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. This is an action for damages for an injury sustained by plaintiff in the following manner: While walking along the defendant's railroad, she got her foot caught between a rail of the main line and a switch rail, and while so held upon the track, an engine and train of cars came along, and ran over her leg just above her foot and crushed it so that her foot had to be cut off.

The exceptions are numerous, long and involved, being fifteen in number and covering nine pages of the "Case," but we are at liberty to consider only one of them, because the others are based upon the alleged refusal to charge certain requests, and it appears only in the exceptions that such requests were presented to the Court. It has been frequently held that an exception will not be considered, unless it appears in the "Case" that the ruling or finding complained of was made. *Sloan* v. *Courtenay,* 54 S. C. 345, 32 S. C. 431, and cases cited where the reasons for this rule are given. It would have been sufficient, if it had been stated in the "Case" that the plaintiff presented certain requests to charge, and that they are correctly set out in the exceptions.

The action was based upon the alleged negligence, recklessness and wantonness of defendant in running its train of cars backward, through a populous part of the town of Bennettsville, at a rapid rate of speed, without lookout or signal, at a point where its track was used by the public as a walkway with its knowledge and acquiescence. Besides a denial of the allegations of the complaint, the principal defense relied upon was contributory negligence. The Court refused to submit to the jury the issue of recklessness and wantonness, holding that there was no evidence to support the allegations thereof. As the defense of contributory negligence is not available to defendant, if the injury was recklessly or wantonly inflicted, the alleged recklessness and wantonness of defendant was a vital issue; and, therefore, if the evidence required the submission of that issue to the jury, the failure to do so was reversible error.

There was evidence tending to prove that, at the place where the injury occurred, the defendant's track was used by the public—men and women and children—going to and from town and school and church, just like it was a public street, and that it was so used with the knowledge and acquiescence of defendant that the train of cars was run backwards—the tender being in front of the engine—very fast over the track so used, without lookout and without signalling its approach by ringing the bell or blowing the whistle. From this the jury might have inferred a spirit of indifference to the rights of those so using the track, or a conscious failure to observe due care for their safety. *Sanders* v. *Ry.,* 90 S. C. 331.

There was conflict in the testimony as to whether a proper lookout was kept and the approach of the train signalled by the ringing of the bell or blowing the whistle, and also as to whether, if a proper lookout had been kept, the signals of distress given by plaintiff's sister and others near her, when it was first discovered that she could not get off the track,

could have been seen in time to stop the train before injuring her.   But these questions should have been submitted to the jury.

Reversed.